# United States District Court
## Eastern District of Wisconsin

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release)<br>**Case Number: 21-CR-65-JPS**<br>**Marshal Number: 16095-089** |
| WIL CASEY FLOYD | |

| Joshua Uller | Lisa Wesley |
|---|---|
| Defendant's Attorney | Assistant United States Attorney |

**THE DEFENDANT:**

Admitted guilt to violation of conditions of supervision. The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Grade of Violation | Violation Ended |
|---|---|---|---|
| 1 | The defendant tested positive for THC and cocaine on 10/26/22. He tested positive for cocaine on 12/14/22 and 3/9/23. He admitted to cocaine use on 11/19/22, 1/18/23, 2/6/23, and 2/28/23. He further admitted that he was using cocaine approximately two to three times per week until 2/28/23. On 5/18/23, the defendant admitted to using crack cocaine and methamphetamine. On 6/1/23, he reported testing positive for cocaine at 4th Dimension sober living and admitted using on 5/31/23. He then admitted to being on a "drug binge" of crack cocaine, methamphetamine, marijuana, and alcohol from 6/1/23 until he reported to detox on 6/8/23. | C | 06/2023 |
| 2 | During a home visit, it was discovered that the defendant was not taking his mental health medication as prescribed, despite previous assertions to the contrary. | C | 12/2022 |
| 3 | On 12/15/22, it was discovered that the defendant had only attended 13 days of treatment in the previous month, despite being enrolled in daily intensive outpatient. On 2/27/23, the defendant was removed from residential treatment, due to threatening physical harm to another resident. On 5/18/23, the defendant was kicked out of sober living at Oxford House, due to what he stated was a roommate dispute. As Oxford House is run and governed by the residents, no further documentation was available to probation staff. On 6/1/23, the defendant was | C | 06/2023 |

| | | | |
|---|---|---|---|
| | terminated from sober living at 4th Dimension, due to testing positive for cocaine. | | |
| 4 | On 2/6/23, the defendant had an alleged domestic violence incident with then girlfriend when she would not allow him to sell their television, in order to purchase cocaine. The defendant's then girlfriend reported having numerous bruises and provided audio recordings. She did not want the defendant to be arrested and therefore, did not call the police. On 2/7/23, the defendant entered the Acute Unit in Fond du Lac County for a drug and mental health hold until his residential treatment could begin on 2/9/23. On 6/5/23, the defendant was arrested in Kenosha, Wisconsin. On 6/6/23, he was charged with: Possession of THC, Possess Drug Paraphernalia, Fraud/Innkeeper Nonpayment (<=$2,500) PTAC, and Retail Theft- Intentionally Take (<=$500) PTAC, all misdemeanor charges. | C | 06/2023 |
| 5 | The defendant made three unreported employment changes. | C | 10/2022 |
| 6 | The defendant was ordered to complete 80 hours of community service within the first year of supervision. He has yet to complete any hours. | C | 06/2023 |
| 7 | The defendant has been knowingly interacting with a felon who is on supervision with the State of Wisconsin Department of Corrections for numerous felonies. | C | 06/2023 |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: June 28, 2023

_____
J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: June 28, 2023

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of Five (5) months as to Count One of the Indictment.

The defendant is remanded to the custody of the U.S. Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of Six (6) months as to Count One of the Indictment, which shall be served in, or completed co-extensively with, a One Hundred Eighty (180) day placement at a residential halfway house. The Court makes the following recommendation to the Bureau of Prisons, the U.S. Marshal, and the U.S. Probation Office: that the defendant be considered for placement at the Rock Valley Community Programs Residential Halfway House in Janesville, Wisconsin. The defendant shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance.
5. The defendant is to participate in a program of testing to include not more than six urinalysis screens per month together with residential or outpatient treatment for drug and/or alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of his supervising probation officer. The defendant is to refrain from the excessive use of alcohol, defined as having a blood alcohol concentration of greater than .08, throughout the supervised release term.
6. The defendant must reside at a residence approved by his supervising probation officer.
7. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
8. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
9. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
11. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.

12. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
13. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
14. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.
15. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation(s) and counseling as approved by his supervising probation officer. Subject to the defendant's ability to pay, he shall pay the cost of such treatment under the direction of his supervising probation officer.

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence.

Defendant: Wil Casey Floyd
Case Number: 21-CR-65

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|            | **Special Assessment** | **Fine** | **Restitution** |
|------------|:----------------------:|:--------:|:---------------:|
| **Totals**: | None                  | None     | None            |

## FINE

The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|-------|--------|
| None  | None   |

Defendant: Wil Casey Floyd
Case Number: 21-CR-65

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.